Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (202) 991-1101
mac@dcbankruptcy.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| 1416 EASTERN AVE NE LLC | ) | Case No. 24-180-ELG |
| 945 LONGFELLOW ST NW LLC | ) | Case No. 24-181-ELG |
| 2501 NAYLOR RD SE LLC | ) | Case No. 24-182-ELG |
| 4303-13 WHEELER RD SE LLC | ) | Case No. 24-183-ELG |
| 4263 6TH ST SE APARTMENTS LLC | ) | Case No. 24-184-ELG |
| 4935 NHB AVE NE LLC | ) | Case No. 24-185-ELG |
| 3968 MLK LLC | ) | Case No. 24-186-ELG |
| 4010 9TH ST SE LLC | ) | Case No. 24-187-ELG |
| 2440 S ST SE LLC | ) | Case No. 24-188-ELG |
| 4400 HUNT PL NE LLC | ) | Case No. 24-189-ELG |
| | ) | |
| Debtors. | ) | (Chapter 11) |
| | ) | (*Not* Jointly Administered) |

**FIRST AND FINAL APPLICATION OF THE VERSTANDIG LAW FIRM, LLC
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Come now Maurice B. VerStandig and The VerStandig Law Firm, LLC (collectively, "VLF"), former counsel for 1416 Eastern Ave NE LLC; 945 Longfellow St NW LLC; 2501 Naylor Rd SE LLC; 4303-4313 Wheeler Rd SE LLC; 4263 6th St SE Apartments, LLC; 4935 NHB Ave NE, LLC; 3968 MLK LLC; 4010 9th Street SE LLC; 2440 S St SE, LLC; and 4400 Hunt Pl NE, LLC (collectively, the "Debtors," and each a "Debtor"), pursuant to Sections 327 and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 2016, and Local Rule 2016-1, and apply to this Honorable Court for allowance of compensation of (i) $2,341.35 from 1416 Eastern Ave NE LLC; (ii) $2,341.35 from 945 Longfellow St NW

1

LLC; and (iii) $64.35 from each of the other above-named Debtors, and in support thereof state as follows:

I.     **Introduction**

These are ten related—but not jointly administered—cases in which VLF served as counsel to the Debtors from May 29, 2024 through June 20, 2024. The post-petition representation, for which compensation is instantly sought, was chiefly comprised of (i) representing 1416 Eastern Ave NE LLC ("Eastern") and 945 Longfellow St NW LLC ("Longfellow") in connection with since-withdrawn sale motions; and (ii) generally advising the Debtors in connection with the nascent post-petition stages of Chapter 11 cases.

Despite the brevity of the instant representations and the unusual manner in which the two sale motions (the "Sale Motions") were ultimately resolved, it is respectfully submitted that VLF's representation was of a high quality, with counsel seeking to advance the cases in a meaningful fashion. For those efforts, compensation is instantly sought.

For the avoidance of doubt, VLF does *not* seek compensation for any efforts undertaken in connection with its motions to withdraw as counsel for the Debtors, for its appearance at a hearing thereupon, or for any efforts undertaken in connection with the advisement of the Debtors of the implications of counsel withdrawing. While VLF does believe such efforts to be legally compensable, VLF also believes billing discretion—especially in such a sensitive context—to be an essential component of the practice of law before this Honorable Court.

II.    **Recitations Pursuant to Federal and Local Rules**

1.     The services for which compensation is herein sought were performed between May 29, 2024 and June 20, 2024. Maurice B. VerStandig performed all work for which compensation is sought.

2. VLF's employment was approved on June 21, 2024, following a hearing on June 20, 2024.

3. Representation of Eastern and Longfellow included researching, drafting and filing the Sale Motions, together with a detailed review of underlying contracts; drafting and filing motions to shorten time; and representation of those two Debtors at a contested hearing on the Sale Motions. Representation of the other eight Debtors chiefly consisted of advising their principal of requirements attendant to the commencement of Chapter 11 cases (with such advice also being extended to the individual in his capacity as the principal of Eastern and Longfellow).

4. An itemization of services performed, with the date of each such service and amount of compensable time expended on each such task, together with a narrative description of the same, is attached hereto as Exhibit A.

5. No post-petition expenses were incurred in connection with these representations.

6. The fees and costs for which reimbursement is sought are reasonable for the work performed, and the contents of this application are true and accurate.

**III. Other Formalistic Notations**

Pursuant to Federal Rule of Bankruptcy Procedure 2016, VLF notes as follows: (i) there is no agreement to share compensation received or to be received for services rendered in or in connection with these cases; and (ii) VLF is holding retainers in the following sums (which are net of pre-filing invoices, inclusive of filing fees, paid shortly before the cases were filed):

  4400 Hunt Pl NE LLC: $2,747.20
  1416 Eastern Ave NE LLC: $3,044.20
  945 Longfellow St NW LLC: $2,945.20
  2501 Naylor Rd SE LLC: $2,994.70
  4303-4313 Wheeler Rd SE LLC: $2,648.20
  4263 6th St SE Apartments, LLC: $2,994.70
  4935 NHB Ave NE, LLC: $2,895.70
  3968 MLK LLC: $2,994.70
  4010 9th Street SE LLC: $2,945.20

    2440 S St SE, LLC: $2,895.70
    **Total: $29,105.50**

### IV. Categorization of Time Entries

In accord with guidelines promulgated by the United States Trustee, VLF recorded all time in this matter in project categories. In light of the brevity of the representation, however, all time billed was in the "Case Administration" category, except for nine-tenths of an hour that was billed to "Fee and Employment Applications."

### V. Grouped Time Entries

Certain time entries, for efforts equally applicable to all ten Debtors, were recorded as being incurred in connection with a fictitious matter of "Ten Related Bankruptcy Cases." One-tenth of the time expended on this fictitious matter is applied to each Debtor, with such being the whole of the time for which compensation is sought in the cases of eight Debtors. For the remaining two Debtors (Eastern and Longfellow), one-tenth of the fees correlative to this time has been appended to the fees otherwise sought for each of those two entities.

### VI. Residue of Retainers

Without regard to the disposition of this application, VLF will continue to hold retainers from each of the Debtors. Should new counsel appear on behalf of the Debtors, VLF will transfer those retainers—reserving the fees sought herein, pending adjudication of this application—to new counsel. Should no new counsel appear herein, VLF will await further order of this Honorable Court as to the disposition of the retainers, continuing to hold the monies in VLF's attorney trust account.

The foregoing notwithstanding, should no further order of this Honorable Court be forthcoming, VLF reserves its right to interplead the remaining retainer balances. While there are certainly arguments as to who has a rightful claim to those monies, and while such arguments may

4

well be informed by forthcoming events, VLF most certainly does *not* have a rightful claim to any monies over and above the fees that may be awarded pursuant to this application.

**VII.    Propriety of Compensation**

This is a relatively modest fee application, filed under relatively *sui generis* circumstances. A large quantity of time spent addressing issues in these cases was, very cognizantly, not billed, for myriad reasons. However, it is still appropriate to consider the compensation herein sought in the same manner as that petitioned for in any Chapter 11 proceeding.

As this Honorable Court has had occasion to observe, as recently as March 2021, the payment of legal fees is governed by a so-called "lodestar" method:

> In this Circuit, to determine the reasonableness of fees, applications for compensation are analyzed under a three-part process that determines a "lodestar"—consisting of (1) the reasonable hourly rate for each person for whom compensation is requested, and (2) the number of hours reasonably expended by each such person—and then determines (3) any adjustments warranted to the lodestar. Factors relevant to each person's reasonable hourly rate include, at minimum (1) the person's "billing practices," i.e., the actual non-reduced rate they have charged or could have realistically charged clients; (2) their skill, experience, and reputation in bankruptcy; and (3) prevailing market rates in the community. Between the prevailing weight and an attorney's customary rate, the local prevailing rate receives heavier weight. Once the lodestar, incorporating the reasonable rate and reasonable hours, has been determined, there is a strong presumption that the fee based upon the lodestar itself is reasonable.

*In re Taiwo*, 2021 WL 850533, at *4 (Bankr. D.D.C. Mar. 5, 2021) (citing *Makray v. Perez*, 159 F. Supp. 3d 25, 30 (D.D.C. 2016) (citing *Eley v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015); *Salazar ex rel. Salazar v. District of Columbia*, 809 F.3d 58, 61 (D.C. Cir. 2015)); 11 U.S.C. § 330(a)(3); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010); *Eley*, 793 F.3d at 100 (citing *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995)); *Covington*, 57 F.3d at 1107-08; *Makray*, 159 F. Supp. 3d at 30 (quoting *West v. Potter*, 717 F.3d 1030, 1034 (D.C. Cir. 2013)), 37 (quoting *Perdue*, 559 U.S. at 551-52), 40-41 (quoting *Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516, 1524 (D.C. Cir. 1988); *Eley*, 793 F.3d at 105).

Undersigned counsel seeks to be compensated at a rate of $495.00 per hour for work in these cases. This is neither the highest nor lowest rate charged by counsel in his practice but, rather, is in line with the rate VLF customarily charges to new debtor-side clients for Chapter 11 cases in the District of Columbia, Maryland, and the Eastern District of Virginia. The rate is slightly higher than what undersigned counsel charges debtor-side clients in North Dakota, with the adjustment being a market-based accommodation. This is slightly lower than what undersigned counsel charges gaming and litigation clients as part of a national practice, with the adjustment being concentration-centric. It is respectfully submitted this rate is reasonable in nature; undersigned counsel has extensive experience handling Chapter 11 cases, has been in private practice for nearly 15 years, is a contributing editor of the American Bankruptcy Institute Journal, hosts an American Bar Association podcast on small business bankruptcies, has successfully reorganized businesses larger—and smaller—than the Debtors herein, has undertaken extensive creditor-side work in Chapter 11 cases, and is an active member of the bar of this Honorable Court. Other members of the bar of this Honorable Court charge rates higher and lower than that of undersigned counsel, but it is urged that $495.00 per hour is in line with the prevailing local norm.

### VIII. Conclusion

WHEREFORE, Maurice Belmont VerStandig and The VerStandig Law Firm, LLC respectfully pray this Honorable Court (i) finally approve and ratify the fees sought herein, in the gross sum of $5,197.50; (ii) permit said fees to be paid out of retainer funds being held in trust; (iii) direct the residue of retainer monies to continue to be held in trust pending either (a) further order of this Honorable Court; or (b) entry of an interpleader order; and (iv) afford such other and further relief as may be just and proper.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
| Dated: June 23, 2024 | By: | /s/ Maurice B. VerStandig |
|  |  | Maurice B. VerStandig, Esq. |
|  |  | Bar No. MD18071 |
|  |  | The VerStandig Law Firm, LLC |
|  |  | 9812 Falls Road, #114-160 |
|  |  | Potomac, Maryland 20854 |
|  |  | Phone: (301) 444-4600 |
|  |  | mac@mbvesq.com |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of June, 2024, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein including, *inter alia*, counsel for the United States Trustee.

/s/ Maurice B. VerStandig
Maurice B. VerStandig